Nzengue v. Holder

BIA
Christensen, IJ
A089 193 535

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of January, two thousand fourteen.

PRESENT:
> JOSÉ A. CABRANES,
> DENNY CHIN,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

JEAN PAUL NZENGUE,
> *Petitioner,*

  v.            12-3949
                NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:  Jean Paul Nzengue, *pro se*, Mount Vernon, New York.

FOR RESPONDENT:  Stuart F. Delery, Acting Assistant Attorney General; Linda S. Wernery, Assistant Director; Susan Bennett Green, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Jean Paul Nzengue, a native and citizen of Central African Republic, seeks review of a September 17, 2012, decision of the BIA affirming the December 1, 2010, decision of an Immigration Judge ("IJ"), which denied Nzengue's application for asylum, withholding of removal, and relief pursuant to the Convention Against Torture ("CAT"). *In re Jean Paul Nzengue*, No. A089 193 535 (B.I.A. Sept. 17, 2012), *aff'g* No. A089 193 535 (Immig. Ct. N.Y. City Dec. 1, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Nzengue mainly challenges findings that were not cited by the BIA as bases for its decision and do not constitute

grounds for the adverse credibility determination. *See Xue Hong Yang*, 426 F.3d at 522. We conclude that the remaining inconsistencies and problematic documentation cited by the BIA otherwise provide substantial evidence to support the adverse credibility determination. For asylum applications like Nzengue's, governed by the REAL ID Act of 2005, the agency may, "considering the totality of the circumstances," base a credibility finding on an asylum applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). We "defer to [the agency's] credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

The agency reasonably based its adverse credibility determination on the inconsistencies between Nzengue's testimony and asylum application. A comparison shows discrepancies regarding Nzengue's entry into Cameroon, his father's name, and his marital status, all of which support the adverse credibility determination. *Id.* Additionally,

3

as the agency noted, Nzengue's supporting letters were strikingly similar. *Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 524 (2d Cir. 2007) (noting that we have firmly embraced the commonsensical notion that similarities between affidavits are an indication that they are "canned").

The inconsistencies combined with the "canned" letters provide substantial evidence for the adverse credibility finding. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Moreover, as the BIA noted, Nzengue's explanation that each of the inconsistencies was due to the mistakes of others does not compel a contrary conclusion. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005). Because all of Nzengue's claims depend on the same factual predicate, the adverse credibility determination is dispositive of asylum, withholding, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang*, 426 F.3d at 523.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for

4

oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk